IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:19-CR-00137-ALM-AGD |
| § | |
| WELDON JAMES (1) § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Weldon James's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on October 15, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer. The Government was represented by Michael Anderson.

Defendant was sentenced on July 2, 2020, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of Firearms, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of V, was 46 to 57 months. Defendant was subsequently sentenced to 51 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, mental health treatment, and a $100.00 special assessment. On December 23, 2022, Defendant completed his period of imprisonment and began service of the supervision term. (Dkt. #44 at p. 1, Sealed).

On January 16, 2024, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #41, Sealed). The First Amended Petition asserts that Defendant violated four (4) conditions of supervision, as follows:

(1) <u>Mandatory Condition</u> Defendant shall not commit another federal, state, or local crime; (2) <u>Mandatory Condition</u> Defendant shall not commit another federal, state, or local crime; (3) <u>Standard Condition</u> Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (*i.e.*, anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers); and (4) <u>Mandatory Condition</u> Defendant must refrain from any unlawful use of a controlled substance. (Dkt. #41 at pp. 1–3, Sealed).

The First Amended Petition alleges that Defendant committed the following acts: (1) On or about December 5, 2023, Defendant committed the misdemeanor offense of Criminal Mischief >$750<$2,500 in Denton County, Texas. During the investigation of this offense, it was determined that Defendant also committed the offense of Aggravated Assault w/a Deadly Weapon on a separate date. At the time of the First Amended Petition, the matter remained pending in Denton County. According to the incident report, Hickory Creek, Texas police officers were dispatched to the home of Defendant's brother, William James ("William"). According to William, Defendant keyed William's car in retaliation for a conversation about methamphetamine. According to William, Defendant had been using methamphetamine and staying awake for 3–4 days. The Hickory Creek Police Department observed the damage done to William's white Honda Accord, which William reported he believed sustained damages in the amount of $1,000; (2) On or about October 15, 2023, in Denton County, Texas, Defendant committed the offense of Aggravated Assault with Deadly Weapon; (3) According to the Affidavit for Arrest Warrant and Affidavit of Probable Cause, on December 6, 2023, Hickory Creek police met with William. William stated that Defendant had put a black powder pistol in his face and threatened to kill him and then commit suicide if William was to ever contact law enforcement as they were previously

arguing about Defendant's methamphetamine use. William was worried Defendant's methamphetamine use would cause law enforcement to go to the residence they lived at and seize all his firearms. William reported that Defendant pointed the black powder pistol at him with the hammer cocked and Defendant's finger on the trigger. William stated he feared for his life and believed Defendant would kill him. William believed the incident occurred during the month of October 2023. William also mentioned Defendant had access to firearms. On December 12, 2023, officers interviewed a witness, Lowell McNeil ("McNeil") who stated he observed Defendant walk past and up against the vehicle but not actively damage the vehicle. McNeil was informed by William of Defendant pointing a black powder pistol at William's face and threatening to kill him. McNeil reported it happened between August and September 2023. A subsequent interview was conducted with William on December 12, 2023, and he provided a specific description of the black powder revolver including the exact make and model. William also stated his mother had recently given it to him to unload because she did not want Defendant to have the loaded gun because she was concerned that Defendant could hurt someone with it. On December 13, 2023, an arrest warrant was issued and signed in the Denton County, Texas 211th District Court. At the time of the First Amended Petition, this matter remained pending; and (4) During an office visit conducted on December 15, 2023, Defendant submitted a positive urine specimen for amphetamine/methamphetamine. According to Defendant, the specimen was positive due to his medication. However, Defendant failed to provide any information about such medication. The specimen was confirmed positive by the national lab. (Dkt. #41 at pp. 1–3, Sealed).

      Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegation 4 in the First Amended Petition. Having considered the First

Amended Petition and the plea of true to allegation 4, the court finds that Defendant did violate his conditions of supervised release.

The Government moved to dismiss allegations 1–3 in the First Amended Petition.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of eighteen (18) months, with no term of supervised release to follow.

The court notes that the Government and Defendant agree that Defendant was taken into custody by the United States Marshal at the Probation Office on December 15, 2023.

The court further recommends that the Government's motion to dismiss allegations 1–3 in the First Amended Petition be granted.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in the Seagoville, Texas area, if appropriate.

**SIGNED this 21st day of November, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE